IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| MIGUEL TAMAYO,<br><br>    Plaintiff,<br><br>v.<br><br>CGS TIRES US, INC., DJR HOLDING CORPORATION, and HI-LINE COOPERATIVE, INC.,<br><br>    Defendants. | Case No. 8:11-cv-61<br><br>**PROTECTIVE ORDER** |

In order to ensure the confidentiality of documents filed as Restricted Documents under the E-Government Act, medical records, financial records, commercial and proprietary information, and agreements with non-parties related to the present matter which may be produced in this case in response to any party's discovery requests or to testifying or nontestifying experts,

**IT IS ORDERED:**

1. This Protective Order shall be without prejudice to the right of any of the parties of this action (i) to bring before this Court at any time the question of whether any particular information is or is not relevant to any issue of this case or whether any information is or is not confidential as defined in Paragraph 1 of the parties' Stipulation for Protective Order, including medical records, financial records, commercial and proprietary information, and agreements with non-parties related to the present matter; (ii) to seek a further protective order; (iii) to exercise any right or raise any objection otherwise available under the rules of discovery or evidence; or (iv) by application and notice, to seek relief from any provision of this Protective Order on any ground. During the pendency of any challenge to the applicability of this Protective Order to any

document, information or thing, however, said document, information or thing shall remain subject to the provisions of this Protective Order.

2. Documents, things, testimony, pleadings, various matters and information designated as confidential by any party to this action ("Confidential Information"):

(a) Shall be designated by a stamp, sticker or similar variation indicating that the documents are "Confidential," "Proprietary," "Trade Secret," "Subject to Protective Order" or some similar variation;

(b) Shall be used only for the purpose of this litigation, including any appeals, and may not be used for any purpose or disclosed in any manner outside the reasonable conduct of this case even if said information is used or offered at trial or in open court;

(c) Shall not be disclosed to anyone other than the Court, the parties hereto, their outside counsel, and the employees who are assisting such counsel in this litigation, any in-house counsel, employees of insurers for the parties hereto with responsibilities respecting this litigation, court reporters who record deposition or other testimony, witnesses, deponents, consultants and/or experts;

(d) Shall be filed as Restricted Documents under the E-Government Act whenever said documents are filed with this Court; and

(e) If any party, attorney or individual shall disclose confidential material(s) or information to a consultant, expert witness, or non-party witness, it is the obligation of the disclosing party to provide such person with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby such person agrees to be bound by the terms of this Protective Order.  A copy of each executed Confidentiality Agreement shall be maintained by counsel for the disclosing party in a secure

place and, upon request, such counsel shall produce the same to counsel for the non-disclosing party.  If any party discloses confidential material(s) or information to an expert witness who is not expected to be called as a witness at trial ("non-trial expert"), the disclosing party still has the obligation to provide the non-trial expert with a copy of this Protective Order and obtain a signed Confidentiality Agreement (in the form attached hereto and marked as Exhibit A) whereby the non-trial expert agrees to be bound by the terms of this Protective Order.  Although a copy of each executed Confidentiality Agreement obtained from such non-trial expert shall be maintained by counsel for the disclosing party in a secure place, a copy of said executed Confidentiality Agreement shall be produced to the non-disclosing party only upon court order.

      3.      Pursuant to Federal Rule of Evidence 502, any disclosure connected with this litigation of privileged or protected information shall not waive any privilege or protection in the instant proceeding or any other Federal or State proceeding.  A party may request the return of any information it claims to be subject to a privilege or protection, including without limitation the attorney-client privilege and the work-product protection ("Privileged Information") by identifying the Privileged Information and the basis for withholding such information from disclosure.  If a party requests the return, pursuant to this paragraph, of Privileged Information then in the custody of one or more other parties, the possessing parties shall not make further use of the Privileged Information until such time as the Court has ruled on a motion for an order on the privilege objections.  If a possessing party does not agree that the Privileged Information is covered by a privilege or work product protection, then the producing party shall bring a motion seeking to protect the Privileged Information within fifteen (15) business days of the possessing party's disagreement.  If the Court grant such motion, all parties in possession of the Privileged Information shall, within five (5) business days of that ruling, destroy or return to the producing

party the Privileged Information and all copies thereof, and shall destroy and/or expunge from any other document or material information solely derived from the Privileged Information. Nothing in this paragraph shall affect the burden imposed by law on either the producing party or the possessing party with respect to Privileged Information.

    4.    Nothing in this Protective Order shall be construed to limit the use of information regarding individuals obtained by lawful means or from sources other than this litigation.

    5.    This Protective Order shall be binding upon the parties, their attorneys, agents, employees, representatives, successors and assigns from this date forward for documents first produced or disclosed from such date.

    Dated this 13th day of May, 2011.

    BY THE COURT:

    s/ F.A. Gossett
    United States Magistrate Judge

## EXHIBIT A

## <u>CONFIDENTIALITY AGREEMENT</u>

      I have read the Protective Order ("Protective Order") entered by the United States District Court for the District of Nebraska in the action entitled *Miguel Tamayo v. CGS Tires US, Inc. et al.*, Case No. 8:11-cv-61. I understand the Protective Order is a court order designed to preserve the confidentiality of the "Confidential Information" designated under the terms of the Protective Order. I also understand the Protective Order restricts my use, disclosure and retention of such Confidential Information and also requires my safeguarding and/or return of documents and other materials containing Confidential Information as required by the Protective Order.

      I agree to comply with all provisions of the Protective Order. I also hereby submit myself to the jurisdiction of the United States District Court for the District of Nebraska for the purpose of enforcement of any provision of the Protective Order.

Dated: _____

                                                    _____
                                                    Signature

                                                    _____
                                                    Name (Print)