IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| MIGUEL TAMAYO, | ) | |
| | ) | |
| Plaintiff, | ) | 8:11CV61 |
| | ) | |
| V. | ) | |
| | ) | |
| CGS TIRES US, INC., DJR | ) | ORDER |
| HOLDING CORPORATION, and | ) | |
| HI-LINE COOPERATIVE, INC., | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

  A telephone conference was held with counsel of record on May 14, 2012. During the conference, several pending motions were discussed, including CGS Tires US, Inc.'s ("CGS Tires") and DJR Holding Corporation's ("DJR") joint motions to strike Plaintiff's expert designations (filings 45 & 54) and Plaintiff's motion for an extension of time to disclose expert witnesses (filing 56). For the reasons stated during the conference, CGS Tires and DJR's motions will be denied, in part, and Plaintiff's motion to extend will be granted.

  CGS Tires and DJR request that the court strike Plaintiff's expert witness designations due to Plaintiff's failure to disclose the witnesses by the deadline established in the court's progression order. Plaintiff does not dispute that his designations are untimely. As an explanation for the late designations, Plaintiff's counsel reports that he simply misunderstood the court's progression order and thought the disclosure deadline was May 14, 2012.

  In the interest of justice, the court will not strike Plaintiff's expert designations. At this stage in the proceeding, no prejudice or harm will occur by allowing Plaintiff's tardy designations to stand. In this case, striking the disclosures would be an unduly harsh penalty. *See Bonin v. Chadron Community Hosp.*, 163 F.R.D. 565 (D. Neb. 1995) (finding that sanction of striking expert witnesses for defendants' untimely disclosure of those experts and violation of court's progression order was too harsh). However, because Plaintiff's conduct necessitated the filing of the motions to strike, the court will entertain an award of reasonable attorneys' fees and costs to CGS Tires.[1]

---

[1] DJR has advised the court that it will not pursue an award of fees or costs.

Accordingly,

**IT IS ORDERED:**

1. CGS Tires US, Inc.'s and DJR Holding Corporation's joint motions to strike (filings 45 & 54) are denied, in part. The court will consider an award of attorneys' fees and costs to CGS Tires. If CGS Tires desires to pursue such an award, it shall file an application for fees, together with an affidavit attesting to the time and expenses incurred in preparing its motion to strike, on or before May, 23, 2012. Plaintiff shall serve and file a response, if any, to CGS Tires' application on or before May 31, 2012, at which time the issue of costs will be deemed submitted and a written order entered.

2. Plaintiff's Motion to Allow Plaintiff to Disclose Expert Witnesses by May 14, 2012 (filing 56) is granted.

**DATED May 16, 2012.**

>                   **BY THE COURT:**
>
>                   **S/ F.A. Gossett**
>                   **United States Magistrate Judge**